No. 32,040

CHARLES SENAT, *Appellant,* v. GEORGE J. SENATE and FRANCES C. SENATE, *Appellees.*

(40 P. 2d 374)

Opinion filed January 26, 1935.

*B. J. Carver,* of Paola, for the appellant.
*Karl V. Shawver,* of Paola, for the appellees.

The opinion of the court was delivered by

HARVEY, J.: This was an action by a father against his son and the son's wife to establish and enforce a lien on certain real property, conveyed by plaintiff to defendant, for the purchase price thereof and money advanced for its improvement. The trial court sustained a demurrer to plaintiff's petition, and he has appealed. The question argued is the statute of limitations.

The amended petition, filed February 7, 1934, briefly stated, alleges that plaintiff is about 77 years of age; that he had a meager education and limited business experience in handling property transactions; that from about 1918 he had trusted his son, George J. Senate, hereinafter referred to as defendant, to handle many of his business transactions for him; that they had numerous transactions in which his son had looked after his business; that he had trusted his son in those matters, and that the relation between them in such matters was one of confidence and trust; that in 1926 plaintiff was the owner of certain lots in the city of Paola on which defendant desired to build a home; that the parties agreed upon a price of $600 for the lots, and that plaintiff would sell them to defendant, who would buy them for that sum; that the transaction was not then closed, but that defendant took possession of the lots and constructed a residence thereon; that in November of that year defendant borrowed from plaintiff $1,200 to pay for the materials used in the building of the home and agreed to execute a mortgage on the property to plaintiff for $1,800 covering the original cost of

the lots and the money borrowed for the payment of materials, but that no deed or mortgage was made at that time; that in May, 1930, defendant represented to plaintiff that the property was excessively taxed, and if the title stood in his name he could go before the equalization board and have the assessment adjusted; that plaintiff executed to defendant a deed for the property and he did succeed in having the assessment reduced, and he advised plaintiff that he and his wife had executed a note and mortgage to him for $1,800, and that he was taking care of the matter for plaintiff in accordance with their agreement; that thereafter and on or about November 2, 1933, defendant advised plaintiff that he never would get a deed or mortgage on the property and that he now had plaintiff where he wanted him, and that plaintiff would get nothing; that until this declaration by defendant, because relations between plaintiff and defendant were those of confidence and trust, plaintiff had no reason to think that the mortgage had not been given as defendant had advised him. The prayer was for the establishment and enforcement of an equitable lien against the real property for the sum of $1,800 with interest.

In support of the judgment of the trial court appellees argue: (1) That there was no fraud pleaded. The fraud pleaded is the false statement of defendant that he had executed the note and mortgage and was looking after them for plaintiff, if, in fact, they had not been executed, and his declaration to plaintiff that he never would get a mortgage or anything to secure him for the money advanced. The petition contains other fraudulent allegations which need not be set out or repeated here. We think there is no fatal defect in pleading the fraud. (2) Appellee argues that the action is barred by the two-year statute of limitations (R. S. 60-306, 3d clause). Under the allegations of the petition the fraud was not discovered until November 2, 1933; hence, the action was brought in time even if it be conceded that the two-year statute of limitations is applicable.

The judgment of the court below is reversed, with directions to overrule the demurrer to the petition.